UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROYCE CARLTON DREYER,<br><br>Defendant. | Case No. 23cr2291-JO<br><br>[~~PROPOSED~~] PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Information, the United States alleged forfeiture of all property of Defendant ROYCE CARLTON DREYER ("Defendant"), that constituted visual depictions as described in 18 U.S.C. §§ 2253(a) and (b), all properties constituting, or traceable to gross profits or proceeds of the offense, and all properties used or intended to be used to commit or to promote the commission of the offense set forth in Count 1 and 2 of the Information which charged violations of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(B), and forfeitable pursuant to 18 U.S.C. §§ 2253(a) and (b); and

WHEREAS, on or about January 4, 2024, Defendant pled guilty before Magistrate Judge Michelle M. Pettit to Count 2 of the Information, which plea included consent to the forfeiture allegations of the Information and the agreement, pursuant to 18 U.S.C. §§ 2253, for the forfeiture of any property, real and personal, that was used or intended to be used to commit or to facilitate the commission of such violation; and any property, real and personal, constituting and derived from any proceeds obtained, directly and indirectly, as a result of such violation, and any visual

depictions described in § 2252, and any visual depictions which constitute child erotica; and any devices seized during the investigation which contain visual depictions and/or communications with the minor victims, and the agreement to the forfeiture all properties seized in connection with the case, including but not limited to, the forfeiture of the following:

(1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and

(2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses to which the defendant has pled guilty, including:

1. Black WD Element SE Hard Drive with USB Cord attached (S/N: WXH1E188ZTN8);
2. Toshiba Hard Drive (S/N: 90SHCA10T);
3. Black Toshiba Laptop (S/N: 79688981Q);
4. Black Samsung Cell Phone;
5. One Samsung cell phone with red case;
6. Black Toshiba laptop (S/N: 9A3450840);
7. 3 compact discs labeled "Thailand" and "Girlfriends";
8. 10 8mm tapes; and

WHEREAS, by virtue of the facts set forth in the plea agreement and the forfeiture addendum, the United States has established the requisite nexus between the forfeited properties and the offense, and the Court hereby orders the forfeiture to the United States of the afore-described forfeited properties pursuant to Title 18, United States Code, Section 2253; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties, pursuant to 18 U.S.C. § 2253 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced properties which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title, and interest of Defendant, ROYCE CARLTON DREYER, in the following properties are hereby forfeited to the United States pursuant to 18 U.S.C. § 2253 for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

> (1) computer images and printed images determined by law enforcement to depict minors engaging in sexually explicit conduct and
>
> (2) the items, equipment, computers, disks, and media seized by law enforcement during the investigation of the offenses has pled guilty, including:
>
> 1. Black WD Element SE Hard Drive with USB Cord attached (S/N: WXH1E188ZTN8);
> 2. Toshiba Hard Drive (S/N: 90SHCA10T);
> 3. Black Toshiba Laptop (S/N: 79688981Q);
> 4. Black Samsung Cell Phone;
> 5. One Samsung cell phone with red case;
> 6. Black Toshiba laptop (S/N: 9A3450840);
> 7. 3 compact discs labeled "Thailand" and "Girlfriends";
> 8. 10 8mm tapes; and

2. The aforementioned forfeited assets are to be held by the Federal Bureau of Investigation ("FBI") in its secure custody and control.

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions,

1 the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States must also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

**IT IS SO ORDERED.**

DATED: 3/28/24

Honorable Jinsook Ohta
United States District Judge